IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOM RUTLEDGE,

    Petitioner,                    No. CIV S-08-2576 DAD P

    vs.

UNKNOWN,

    Respondent.           ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed two letters with the court inquiring about the one-year statute of limitations for the filing of a federal petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). No other pleadings have been filed by the petitioner. Nonetheless, out of an abundance of caution, the Clerk of the Court has opened a habeas action based upon the filings.

        First, petitioner is advised that, in order to proceed with a federal habeas action, he must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced.

/////

Second, petitioner is advised that, on April 24, 1996, Congress enacted the AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore would apply to any petition petitioner files in the future.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

Assuming petitioner seeks to challenge his judgment of conviction, the statute of limitations typically begins to run ninety days after the California Supreme Court's order disposing of his petition for review.  28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the

petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Petitioner has indicated in his letters that he is currently pursuing a second round of state habeas petitions. Petitioner is strongly advised that if he is concerned about the AEDPA statute of limitations, he should file a "mixed" petition in this court containing both exhausted and unexhausted claims, together with a request for a stay and abeyance in order to allow him to exhaust his unexhausted claims.[1] See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

/////

---

[1] Any request for a stay and abeyance must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case.  If he so desires, petitioner may also file a request for a stay and abeyance.  Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00.  Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed.  Fed. R. Civ. P. 41(a); and

2. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus and the application to proceed in forma pauperis by a prisoner.

 DATED: November 12, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:mp
rutl2576.nopetition